# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARY ANN DODSON, | ) |
|     Plaintiff, | ) |
| v. | ) No. 2:20-cv-00040 |
| ANDREW SAUL, | ) |
| Commissioner of Social Security | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner of the Social Security Administration's denial of her application for Disability Insurance Benefits and Supplemental Security Income benefits under Title II of the Social Security Act. On May 20, 2021, the Court granted the Commissioner's unopposed Motion for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g) and remanded the case. (Doc. No. 31).

Before the Court is Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Doc. No. 32). The Commissioner has responded. (Doc. No. 35). For the following reasons, Plaintiff's Motion will be granted in part and denied in part.

"To recover attorney's fees under the EAJA, a plaintiff in a Social Security case must show that: (1) he is a 'prevailing party'; (2) the government's opposing position was without substantial justification; and (3) no special circumstances warrant denying relief." Miller v. Berryhill, 393 F. Supp. 3d 738, 742 (M.D. Tenn. 2019) (citing DeLong v. Comm'r of Soc. Sec. Admin., 748 F.3d 723, 725 (6th Cir. 2014)); see also 28 U.S.C. § 2412(d)(1)(A). In his response, the Commissioner does not oppose whether Plaintiff has established this three-prong standard; however, he does

oppose the requested rate. (Doc. No. 35). In any event, the Court agrees that Plaintiff has satisfied the threshold issue of whether she was eligible for EAJA fees. See Miller, 393 F. Supp. 3d at 742.

The Court next has an independent obligation to determine the reasonableness of the fee award requested. See id. (citing Minor v. Comm'r of Soc. Sec., 826 F.3d 878, 881 (6th Cir. 2016)); see also Minervini v. Saul, No. 3:19-cv-00881, 2020 WL 7055551, at *1 (M.D. Tenn. Dec. 2, 2020). Here, Plaintiff is seeking an award of attorney's fees in the amount of $4,530 based on an hourly rate of $300.00 for 15.1 hours worked between 2020 and 2021. (See Doc. Nos. 32–34). The Commissioner counters that the Court should limit the attorney's fee award to $3,196.91 because Plaintiff exceeded the allowable cost of living adjustments. (Doc. No. 35 at 1–2).

Pursuant to the EAJA, attorney fees are capped at $125.00 per hour absent the Court's determination that "an increase in the cost of living or a special factor . . . justifies a higher fee." Miller, 393 F. Supp. 3d at 742–43 (citing 28 U.S.C. § 2412(d)(2)(A)). In determining a higher fee award, courts may consider the Consumer Price Index ("CPI"), as requested by the parties here; however, a plaintiff typically "must also submit evidence that the requested rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Minervini, 2020 WL 7055551, at *3. In this case, Plaintiff does not make the requisite showing of what necessitates a $300 hourly fee for a total of $4,530. However, because the Commissioner recognizes that the CPI is nonetheless applicable, the Court will, in the interest of fairness, consider Plaintiff's request for a higher fee. The Court will also consider the Commissioner's request to limit the award to $3,196.91. (See Doc. No. 35).

The Commissioner argues that, under the CPI, the average and maximum allowable rate for Plaintiff's work in 2020 is $265.12. (See id. at 2). For 2021, that figure drops to $212.86. (See id.). Because Plaintiff's counsel worked 3.4 hours in 2020 and 11.7 hours in 2021, the respective

rates for those years yields a total maximum allowable attorney fee of $3,196.91. Taking into consideration Plaintiff's request, Plaintiff's declaration, and the Commissioner's response, the Court finds that an attorney fee award of $3,196.91 is reasonable. (See Doc. Nos. 32, 33, 34, 35). The award shall be paid directly to Plaintiff, as EAJA fees "are payable to litigants and are thus subject to offset where a litigant has outstanding" debts. Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

For the foregoing reasons, Plaintiff's Motion (Doc. No. 32) is **GRANTED IN PART AND DENIED IN PART**. The Court awards $3,196.91 in attorney's fees to Plaintiff.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE